IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MELISSA LADNER                                                    PLAINTIFF

v.                                              CAUSE NO. 1:10CV392 LG-RHW

COMMISSIONER OF SOCIAL SECURITY                                  DEFENDANT

**MEMORANDUM OPINION AND ORDER
ADOPTING REPORT AND RECOMMENDATION
AND DISMISSING CASE**

BEFORE THE COURT is the Report and Recommendation [28] entered by

United States Magistrate Judge Robert H. Walker on March 28, 2012.  Judge

Walker recommends that this Court affirm the decision of the Commissioner to

deny Plaintiff's application for Supplemental Security Income (SSI) benefits.

Plaintiff filed an objection to this recommendation, which the Court now reviews.

FACTS AND PROCEDURAL HISTORY

Melissa Ladner filed her application for SSI on December 12, 2006, alleging

she had been disabled since January 1, 1997.  Her claim was denied initially and

upon reconsideration.  She requested a hearing, which was conducted on May 11,

2009.  Plaintiff appeared *pro se*.  The ALJ found that Ladner had several

impairments, but none was severe within the meaning of the Act.  The ALJ found

Ladner capable of performing medium duty work, with some mental limitations.

The Appeals Council denied Ladner's application for review, and she applied for

judicial review of the ALJ's decision.

Magistrate Judge Walker examined the record and concluded: (1) the ALJ

applied the correct legal standard in deciding Ladner's claim; and 2) the ALJ's denial of benefits was supported by substantial evidence.

Ladner's objection is that:

> I found out that the Social Security did not get any medical records from Dr. Albright. None from Dr. Lowe dated after 2009 and the medical records from the Mississippi Medicaid office. The records one way or the other. Because they want me to pay for them. But I will get them because my life depends on them!!!!!!!

(Pl. Obj., ECF No. 31).

## DISCUSSION

The standard of review for social security disability cases is limited to a determination of "(1) whether the Commissioner applied the proper legal standard[,] and (2) whether the Commissioner's decision is supported by substantial evidence." *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). Conflicts in the evidence are to be resolved by the Commissioner, not the courts. *Daugherty v. Barnhart*, 163 F. App'x. 297, 298 (5th Cir. 2006) (citing *Laffoon v. Califano*, 558 F.2d 253, 254 (5th Cir. 1977)).

Ladner's hearing was conducted on May 11, 2009. One of the first things the ALJ addressed was the medical records available to her. (A.R. 54-55, ECF No. 19-1). She noted the most recent medical record she had was from May 2007, and asked Ladner if she had seen any doctors after that date. (A.R. 54, ECF No. 19-1). Ladner informed the ALJ that she had seen Dr. Lowe every two to three months since May of 2007. (*Id.*) The ALJ told Ladner she would request additional records from Dr. Lowe for the period of "May 16, 2007 to current" before making a decision.

(A.R. 55, ECF No. 19-1). Ladner told the ALJ she had not seen any other doctors since 2007. (*Id.*). The ALJ subsequently added treatment records from Dr. Lowe through April 29, 2009. (A.R. 325-336, ECF No. 19-4). As the ALJ's decision was rendered in 2009, she considered the most up-to-date information available. The evidence showed that Ladner suffers from mild arthritis, affective disorder and anxiety. The medical records indicate that Ladner has normal function in all other regards.

Ladner may be complaining that the Appeals Council did not consider a 2010 letter from Dr. Lowe in which he states "she is currently unable to work." (A.R. 9, ECF No. 19-1). The Appeals Council apparently found this evidence insufficient to overcome the weight of evidence indicating that Ladner could perform work, albeit with limitations. (A.R. 19-20, ECF No. 19-1). In light of the lack of objective medical evidence of any particular limitation caused by her medical condition, the Court finds this decision supported by substantial evidence.

In regard to Dr. Albright, a Gastroenterologist, the Court notes that in 2007, the Social Security Administration did request copies of Dr. Albright's treatment records and his opinion of her condition. He responded with no information except the date of her last visit - November 9, 2004. (A.R. 162, ECF No. 19-2). Ladner does not indicate what information Dr. Albright had about her condition that could not be considered by the ALJ because of his incomplete response.

The Court has reviewed the Magistrate's Judge's Report and Recommendation, and considered Ladner's objections. Ladner's objections are

without merit.  The Court adopts the Magistrate Judge's Report and Recommendation and the findings of this Court and dismisses Ladner's case.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Report and Recommendation [28] entered by United States Magistrate Judge Robert H. Walker on March 28, 2012, is **ADOPTED** as the holding of this Court.

**IT IS FURTHER ORDERED AND ADJUDGED** that the final decision of the Commissioner of Social Security denying Melissa Ladner's claim for Supplemental Security Income benefits is **AFFIRMED**.  This case is **DISMISSED**.

**SO ORDERED AND ADJUDGED** this the 4th day of May, 2012.


s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE